UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-01931-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION TO APPOINT COUNSEL<br><br>ECF Nos. 2 & 3<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL<br><br>    (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>ECF No. 4 |

      Plaintiff, a state prisoner, alleges that various defendants have violated his rights in myriad ways, but his allegations are so vague and conclusory that no defendant could be reasonably expected to understand what specific misconduct he or she is being accused of. I will give plaintiff leave to amend so that he may make his allegations with greater specificity. I will also

1

grant plaintiff's application to proceed in forma pauperis, ECF No. 2, deny his motion to appoint counsel, ECF No. 3, and recommend that his motion for a temporary restraining order be denied without prejudice.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's lists more than fifteen defendants, some of whom are unidentified. ECF No. 1 at 2-3. He broadly alleges that, from June 2020 through the present, all defendants physically tortured him, sexually assaulted him, and interfered with his mail. *Id.* at 4-6. Plaintiff's allegations do not distinguish between the various instances of assault, torture, and mail interference, and also do not specifically allege what part each defendant played in these alleged violations. As such, none of the defendants could reasonably be expected to understand what wrongdoing they are alleged to have committed. *See Conley v. Gibson*, 355 U.S. 41, 42 (1957) ("[T]he [Federal] Rules require . . . a short and plain statement of the claim that will give a defendant fair notice of what a plaintiff's claim is and the grounds upon which it rests."). Broad allegations that simply refer to all defendants collectively, especially where so many are named, are insufficient to meet this standard.

Plaintiff may amend his complaint to rectify its deficiencies. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

**Motion for Temporary Restraining Order**

In finding plaintiff's complaint inadequate to proceed past screening, I necessarily recommend that his motion for preliminary injunctive relief be denied. To obtain such relief, a plaintiff must show, among other factors, a likelihood of success on the merits. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). He has not made that showing.

**Motion to Appoint Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to

represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).
I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further, plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion to appoint counsel, ECF No. 3, is denied without prejudice.

      I may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

      Accordingly, it is ORDERED that:

      1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he intends to stand by his current complaint.

      2. Failure to comply with this order may result in the dismissal of this action.

      3. The Clerk of Court is directed to send plaintiff a section 1983 complaint form.

      4. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

      5. Plaintiff's motion to appoint counsel, ECF No. 3, is DENIED without prejudice.

      Further, it is RECOMMENDED that plaintiff's motion for temporary restraining order, ECF No. 4, be DENIED without prejudice.

      I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and

4

serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: ___December 21, 2022___   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE